IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
METROPOLITAN LIFE          )
INSURANCE COMPANY,         )
                           )
     Plaintiff,            )
                           )    CIVIL ACTION NO.
     v.                    )    2:12cv306-MHT
                           )         (WO)
M.E.C. (a minor) and       )
MIKKI D. BRASHER,          )
                           )
     Defendants.           )
```

## OPINION AND ORDER

Plaintiff Metropolitan Life Insurance Company ("MetLife") filed this interpleader action pursuant to Federal Rule of Civil Procedure 22 against defendants M.E.C. (a minor child) and Mikki D. Brasher seeking to have them determine between themselves who is the proper beneficiary of a life-insurance policy. This cause is now before the court on defendants' motion to approve settlement and plaintiff MetLife's motion for guardian ad litem fees to be paid from policy proceeds. Jurisdiction is proper under 28 U.S.C. § 1332 (diversity of citizenship). For the reasons that follow, the

settlement is approved and MetLife's guardian fees motion is denied.

The decedent had a life-insurance policy with MetLife. The $ 120,000 policy originally named the decadent's minor daughter (M.E.C.) as beneficiary. However, the weekend before the decedent committed suicide, he added Mikki Brasher, his girlfriend, as beneficiary. After a year of being unable to resolve this dispute through settlement, MetLife brought this interpleader action.

The parties have now settled, with M.E.C. receiving $ 100,000 and Brasher getting $ 20,000. Additionally, M.E.C. receives the entirety of the interest earned: $ 2,648.22. Because M.E.C. is a minor (16 years old), this court appointed a guardian ad litem, the Honorable Andrew Salser, to manage the settlement trust.

M.E.C.'s trust provides that she will receive three annual payments of $20,000 at ages 19, 20, and 21. Starting at age 22, she will receive $ 500 monthly

2

payments until the trust is depleted. Additionally, M.E.C. may access the trust to spend up to $ 20,000 for the purchase of an automobile. She may also access funds to pay for certain educational expenses--SAT prep classes, music lessons, private tutoring, and mission trips. Pursuant to a fee arrangement, M.E.C.'s attorneys will receive a third ($ 33,333.33) of M.E.C.'s share of the settlement.

On June 15, 2012, the court held an on-the-record settlement hearing via conference call. The court questioned M.E.C. regarding the settlement and concludes that she fully understands and agrees to the settlement amount. The court also makes an independent finding that the settlement is fair and reasonable.

In response to this court's reference to <u>Allstate Insurance Co. v. Jones</u>, 763 F. Supp. 1101 (M.D. Ala. 1991) (Thompson, J.), MetLife has filed a motion requesting that the guardian ad litem fees be paid from the life-insurance proceeds. MetLife cites case law

3

where, in an interpleader action, the guardian ad litem
fees are paid out of the insurance proceeds.  See, e.g.,
Harleysville Life Insurance Co. v. Wright, 2007 WL 748659
(S.D. Ala. Mar. 8, 2007) (Cassady, M.J.) (disbursing
guardian ad litem fees, albeit as part of settlement
agreement). MetLife also notes that, unlike the plaintiff
in  Allstate, it never sought to avoid liability under
the policy.  In fact, MetLife sought a determination as
to the distribution of the life-insurance policy between
two beneficiaries;  MetLife sought to avoid double
liability.

Federal Rule of Civil Procedure 54 provides that
costs are normally taxed to the prevailing party, absent
a court order to the contrary.  Ultimately, this decision
is left to the discretion of the district court.  Jones,
763 F. Supp. at 1102.

Here, the guardian ad litem stated during the June
15, 2012, settlement hearing that his fees should be paid
by MetLife, not from the policy proceeds.  And, during a

4

June 6, 2012, conference call, M.E.C.'s attorney predicted that the guardian ad litem's fees would not exceed $ 1,000. Salser confirmed at the settlement hearing that his fees would be in the $ 1,000 range. Because MetLife initiated this litigation and required the appointment of a guardian ad litem, the court concludes that equity ways in favor of MetLife paying the guardian ad litem's fees. See Jones, 763 F. Supp. at 1102 (plaintiff insurance company bore guardian ad litem costs because it expressly requested and thus "immediately necessitated the appointment of the guardian ad litem by bringing this declaratory judgment action and naming the injured minor ... as a defendant" and thus the minor's "role in the litigation is involuntary").

\* \* \*

Accordingly, it is ORDERED that:

(1) Defendants M.E.C. (a minor child) and Mikki D. Brasher's motion to approve the settlement (Doc. No. 20) is granted.

5

(2) Plaintiff Metropolitan Life Insurance Company's motion for payment of guardian ad litem fees from policy proceeds (Doc. No. 21) is denied.  Plaintiff Metropolitan Life Insurance Company shall pay guardian ad litem Andrew Salser's fees.

The clerk of the court is to make appropriate arrangements for the disbursement of the funds.

This case is closed.

DONE, this the 25th day of July, 2012.

     /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE